UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL WENK, | : | Civil Action No. 11-4430 (PGS) |
| Plaintiff, | : | |
| | : | **ORDER** |
| v. | : | |
| NEW JERSEY STATE DEPT. OF CORRECTIONS, | : | |
| Defendant. | : | |

Plaintiff submitted a civil Complaint pursuant to 42 U.S.C. § 1983 without a filing fee and without an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and it appearing that:

1. The Clerk will not file a civil rights complaint unless the person seeking relief pays the entire applicable filing fee in advance or the person applies for and is granted in forma pauperis, status pursuant to 28 U.S.C. § 1915. See Local Civil R. 5.1(f).

2. The filing fee for a civil rights complaint is $350.00. See 28 U.S.C. § 1914(a).

3. If a prisoner seeks permission to file a civil rights complaint in forma pauperis, the Prison Litigation Reform Act ("PLRA") requires the prisoner to file **an affidavit of poverty and a certified prison account statement for the six-month period immediately preceding the filing of the complaint.** See 28 U.S.C. § 1915(a)(2).

4. The PLRA further provides that, if the prisoner is granted permission to file the complaint in forma pauperis, then the Court is required to assess the $350.00 filing fee against

the prisoner and collect the fee by directing the agency having custody of the prisoner to deduct installment payments from the prisoner's prison account equal to 20% of the preceding month's income credited to the account for each month that the balance of the account exceeds $10.00. See 28 U.S.C. § 1915(b).

5. In addition, if the prisoner is granted permission to proceed in forma pauperis, then the PLRA requires this Court to screen the complaint for dismissal and to dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an defendant who is immune from such relief.

6. The PLRA further provides that, if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action in forma pauperis unless he or she is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

7. The above-named Plaintiff is a prisoner. Plaintiff failed to pay his filing fee, or submit his six-month prison account statement and his affidavit of poverty.

8. Plaintiff's Complaint asserts that certain cells in the New Jersey State Prison ("NJSP"), the facility where Plaintiff has been housed for a number of years, experienced unusually high heat during the July 2011 heat wave suffered by the State of New Jersey in general and the City of Trenton (where the NJSP is located) in particular.[1] Plaintiff, apparently,

---

[1] See <<http://www.weather.com/weather/monthly/USNJ0524?month=-1>> (Showing that, between July 11 and July 31, 2011, the daytime temperature varied between 94 to 105°.

attributed the high heat in NJSP cells not to the record-breaking heat wave but, rather, to the alleged insufficiency of NJSP air-conditioning system.[2] In connection with that assertion, Plaintiff alleged that certain inmates suffered of heat strokes and analogous injuries. Plaintiff also speculated that he, too, might eventually suffer some form of injury if the heat wave continues or repeats. The Complaint named sole defendant, "New Jersey Department of Corrections."

9. However, the Department of Corrections is not an entity cognizable as "person" for the purposes of a § 1983 suit. See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989); Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989); see also Marsden v. Federal BOP, 856 F. Supp. 832, 836 (S.D.N.Y. 1994).

10. Moreover, Plaintiff cannot raise claims on behalf of other inmates who actually suffered an injury or are facing an imminent injury; this is so because Plaintiff lacks standing to raise these challenges. See Whitmore v. Arkansas, 495 U.S. 149, 154-64 (1990) (detailing the test for jus tertii representation, one element of which is the injured party's lack of capacity to bring his/her own challenges).

IT IS THEREFORE on this ___6___ day of ___September___, 2011,

ORDERED that Plaintiff's application to proceed in forma pauperis is DENIED WITHOUT PREJUDICE; and it is further

ORDERED that the Clerk shall administratively terminate this action without filing the Complaint or assessing a filing fee; and it is further

---

[2] Although Plaintiff's Complaint continuously referred to "air condensing" systems, the Court presumes Plaintiff intended to refer to "air-conditioning" systems.

ORDERED that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if this § 1983 case is reopened pursuant to the terms of this Order, it is not thereby subject to the statute of limitations bar, provided the original Complaint was timely. See Houston v. Lack, 487 U.S. 266 (1988); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995); and it is further

ORDERED that Plaintiff may have the above entitled case reopened if, within 30 days of the date of the entry of this Order, Plaintiff either pre-pays the $350.00 filing fee or files with the Clerk Plaintiff's affidavit of poverty and his certified prison account statement for the six-month period immediately preceding the filing of the complaint, as required by 28 U.S.C. § 1915(a); and it is further

ORDERED that, in the event Plaintiff timely prepays his $350.00 filing fee or submits his affidavit of poverty and his certified prison account statement, then the Court will enter an order directing the Clerk to reopen the case; and it is further

ORDERED that, in the event Plaintiff timely prepays his $350.00 filing fee (or submits his affidavit of poverty and his certified prison account statement), Plaintiff shall submit, together with his filing fee or his proper in forma pauperis application, Plaintiff's amended complaint detailing the actual injuries Plaintiff himself suffered or the actual imminent injuries Plaintiff is facing.[3] Plaintiff also shall name, in his amended complaint, those defendants whose personal

---

[3] Claims based on a merely hypothetical or speculative injuries are not actionable. See, e.g., Dawson v. Frias, 2010 U.S. Dist. LEXIS 30513 at *8 (D.N.J. Mar. 30, 2010) ("speculation as to what might or might not happen in the future" cannot serve as a basis for a valid claim) (citing Rouse v. Pauliilo, 2006 U.S. Dist. LEXIS 17225 (D.N.J. Apr. 5, 2006) (dismissing speculative claim and citing Kirby v. Siegelman, 195 F.3d 1285 (11th Cir. 1999)); Pilkey v.

actions resulted in Plaintiff's injuries or who, upon being apprised of the imminent danger faced by Plaintiff, refused Plaintiff protection from such danger; and it is further

ORDERED that the Clerk shall serve this Order upon Plaintiff by certified mail, return receipt requested, together with a blank in forma pauperis application for incarcerated individuals seeking to file a civil complaint and a blank civil complaint form; and it is finally

ORDERED that the Clerk shall close the file in this matter by making a new and separate entry on the docket reading "CIVIL CASE TERMINATED."

9/6/11

PETER G. SHERIDAN
United States District Judge

---

Lappin, 2006 U.S. Dist. LEXIS 44418, at *45 (D.N.J. June 26, 2006) ("Plaintiff's [anxiety paraphrased as his claim of] fail[s] to state a claim upon which relief may be granted"); Patterson v. Lilley, 2003 U.S. Dist. LEXIS 11097 (S.D.N.Y. June 20, 2003) (defendants could only be found indifferent to an existing condition, not to a speculative future injury)). Therefore, Plaintiff shall not assert, as "injury," his speculative fears that he might suffer an injury; rather, he must assert the *actual physical symptoms* he, in fact, experienced *and* which he conveyed to his prison officials and, in conjunction with these assertions, he must also detail the facts indicating that his prison officials refused to alter his conditions of confinement to alleviate the injury he was suffering or to prevent the imminent danger of such injury after they learned about such imminent danger.