**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MICHAEL WENK, | : | |
| | : | Civil Action No. |
| Plaintiff, | : | 11-4430 (PGS) |
| | : | |
| v. | : | |
| | : | |
| NEW JERSEY STATE DEPT. | : | |
| OF CORRECTIONS et al., | : | |
| | : | **MEMORANDUM OPINION** |
| Defendants. | : | |

**Sheridan**, District Judge:

    Plaintiff Michael Wenk ("Plaintiff"), an inmate confined at the New Jersey State Prison ("NJSP"), Trenton, New Jersey, seeks to bring this Section 1983 action in forma pauperis, alleging violations of his constitutional rights.

**I.    IN FORMA PAUPERIS APPLICATION**

    Plaintiff's original civil complaint arrived unaccompanied by the applicable filing fee of $350 or by Plaintiff's in forma pauperis application. See Docket Entry No. 1. Therefore, the Court denied Plaintiff in forma pauperis status without prejudice. See Docket Entry No. 3. On October 5, 2011, Plaintiff submitted his affidavit of poverty and prison account statement, as directed by this Court, together with his amended complaint ("Complaint"). See Docket Entry No. 7. The Court,

therefore, will allow Plaintiff to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a), and will order the Clerk to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

**II.   BACKGROUND**

The Complaint asserts claims against two Defendants, i.e., Gary M. Lanigan ("Lanigan"), the Commissioner of the New Jersey Department of Corrections, and a certain Mr. Burnes ("Burnes"), an Assistant Administrator of the NJSP.  See Docket Entry No. 7 at 3-4.  Specifically, Plaintiff asserts that, on July 12, 2011, he wrote a grievance addressed to Lanigan and NJSP Administrative Department complaining that the no air-conditioning system was installed in the segregation unit of the NJSP, where Plaintiff was presumably held at the time.  See id. at 5.  Plaintiff also asserts, in terms not entirely clear to this Court, that "Lanigan[] . . . denied authority of the issue," and "Burnes . . . said there is no known a/c in the building and will not be due to it will diminish the historical value."  Id. at 5.  Plaintiff's Complaint asserts that the current heating system installed in the segregation unit of the NJSP could be

substituted by a system combining both heating and air-conditioning functions, and that his rights were violated because, due to the heat of July 12, 2011, he experienced heat exhaustion. See id. He seeks $20,000 from each Defendant. See id. at 6.

III. **STANDARD OF REVIEW**

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89 (2007); Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). Indeed, it is long established that a court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). However, while a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See id.

Addressing the clarifications as to the litigant's pleading requirement stated in the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Court of Appeals for the Third Circuit provided the courts in this Circuit with

detailed and careful guidance as to what kind of allegations qualify as pleadings sufficient to pass muster under the Rule 8 standard. See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008). Specifically, the Court of Appeals observed as follows:

> "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation [is] to provide the 'grounds' of his 'entitle[ment] to relief' [by stating] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Twombly, 127 S. Ct. at 1964-65 . . . Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Id. at 1965 n.3. . . . "[T]he threshold requirement of Rule 8(a)(2) [is] that the 'plain statement [must] possess enough heft to 'sho[w] that the pleader is entitled to relief.'" Id. at 1966. [Hence] "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965 & n.3. . . . [Indeed, it is not] sufficient to allege mere elements of a cause of action; instead "a complaint must allege facts suggestive of the proscribed conduct." Id.

Id. at 230-34 (original brackets removed).

This pleading standard was further refined by the United States Supreme Court in its recent decision Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009):

> [In any civil action, t]he pleading standard . . . demands more than an unadorned ["]the-defendant-unlawfully-harmed-me["] accusation. [Twombly, 550 U.S.] at 555 . . . . A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [Id.] at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. at 557. . . . A claim has facial plausibility [only] when the plaintiff pleads factual content . . . . Id. at 556. [Moreover,] the plausibility standard . . . asks for more than a sheer

>possibility that a defendant has acted unlawfully. Id. [Indeed, even w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, [the so-alleging complaint still] "stops short of [showing] plausibility of 'entitlement to relief.'" Id. at 557 (brackets omitted). [A fortiori,] the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [or to t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements [,i.e., by] legal conclusion[s] couched as a factual allegation [e.g.,] the plaintiffs' assertion of an unlawful agreement [or] that [defendants] adopted a policy "'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." . . . . [W]e do not reject these bald allegations on the ground that they are unrealistic or nonsensical. . . . It is the conclusory nature of [these] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth. . . . [Finally,] the question [of sufficiency of] pleadings does not turn . . . the discovery process. Twombly, 550 U.S.] at 559 . . . . [The plaintiff] is not entitled to discovery [where the complaint alleges any of the elements] "generally," [i.e., as] a conclusory allegation [since] Rule 8 does not [allow] pleading the bare elements of [the] cause of action [and] affix[ing] the label "general allegation" [in hope to develop facts through discovery].

Iqbal, 129 S. Ct. at 1949-54.

### IV. DISCUSSION

The Eighth Amendment to the United States Constitution prohibits the government from inflicting "cruel and unusual punishments" on those convicted of crimes. This proscription against cruel and unusual punishments is violated by the "unnecessary and wanton infliction of pain contrary to contemporary standards of decency." Helling v. McKinney, 509 U.S. 25, 32 (1993). It is well settled that "the treatment a

prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Id. at 31.

To state a claim under the Eighth Amendment, an inmate must allege both an objective and a subjective component. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). The objective component mandates that "only those deprivations denying 'the minimal civilized measure of life's necessities' . . . are sufficiently grave to form the basis of an Eighth Amendment violation." Helling, 509 U.S. at 32. This component requires that the deprivation sustained by a prisoner be sufficiently serious, for only "extreme deprivations" are sufficient to make out an Eighth Amendment claim. See Hudson v. McMillian, 503 U.S. 1, 9 (1992).

The subjective component requires that the state actor have acted with "deliberate indifference," a state of mind equivalent to a reckless disregard of a known risk of harm. See Farmer v. Brennan, 511 U.S. 825, 835 (1994); Wilson, 501 U.S. at 303.

A plaintiff may satisfy the objective component of a conditions-of-confinement claim if he can show that the conditions alleged, either alone or in combination, deprive him of "the minimal civilized measure of life's necessities," such as adequate food, clothing, shelter, sanitation, medical care, and personal safety. Rhodes, 452 U.S. at 347-48; Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992). However, while the Eighth

Amendment directs that convicted prisoners not be subjected to cruel and unusual punishment, "the Constitution does not mandate comfortable prisons." Rhodes, 452 U.S. at 349. To the extent that certain conditions are only "restrictive" or "harsh," they are merely part of the penalty that criminal offenders pay for their offenses against society. See id. at 347. An inmate may fulfill the subjective element of such a claim by demonstrating that prison officials knew of such substandard conditions and "acted or failed to act with deliberate indifference to a substantial risk of harm to inmate health or safety." Ingalls v. Florio, 968 F. Supp. 193, 198 (D.N.J. 1997).

Here, Plaintiff merely alleged his displeasure with lack of air-conditioning and stated that he suffered heat exhaustion. However, he did not specify how hot it was in the quotas where Plaintiff was confined, whether refreshment by means of washing with cold water and drinking cold water was available to him, etc. Simply put, he did not allege fact plausibly establishing the objective component of his Eighth Amendment claim, i.e., that he suffered an "extreme deprivation." Analogously, Plaintiff did not allege facts showing that the prison administrators knew about substantial risk of harm to Plaintiff from lack of air-conditioning and acted in a fashion showing deliberate indifference to that risk. In sum, Plaintiff has not alleged sufficient facts to allow his claims progress past the screening

stage. Therefore, his conditions of confinement claims should be dismissed.

## V.     LEAVE TO AMEND

Ordinarily, the plaintiff may be granted "leave [to amend,] . . . when justice so requires." See Foman v. Davis, 371 U.S. 178, 182 (1962); accord Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993).

Indeed, "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep . . . may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman, 371 U.S. at 182-83.

Here, Plaintiff's Complaint fails to state a cognizable claim.  However, the Court cannot rule out that, if granted leave to amend his pleading, Plaintiff might be able to assert sufficient factual heft establishing that he was subjected to an "extreme deprivation" and, in addition, that his prison officials knew of the risk of harm to Plaintiff and yet acted with "deliberate indifference" to that risk.  Therefore, the Court will allow Plaintiff one more opportunity to amend his pleading.

However, taking notice of Plaintiff's claims against the persons who, seemingly, had no personal involvement in the events asserted by Plaintiff, the Court finds it warranted to stress that supervising officials cannot be held liable for actions of

their subordinates unless the litigant asserts facts showing these supervisors' personal involvement in the alleged wrongs. See Iqbal, 129 S. Ct. 1937; Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976); Durmer v. O'Carroll, 991 F.2d 64, 69 n.14 (3d Cir. 1993). Thus, claims against the supervisors are subject to dismissal to the degree they are based solely on the respondeat superior theory.  See Natale v. Camden County Corr. Facility, 318 F.3d 575, 584 (3d Cir. 2003) (because respondeat superior or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation – even if it is operation under contract with the state – cannot be held liable for the acts of its employees and agents under those theories).

    Moreover, even if the litigant's claims are not based on the doctrine of respondeat superior, the litigant still must assert specific facts implicating each named defendant in the alleged wrong: *personal involvement by a defendant is an indispensable element of a valid legal claim*.  See Baker v. Monroe Township, 50 F.3d 1186, 1190-91 (3d Cir. 1995); Sample, 885 F.2d at 1100; Rode, 845 F.2d at 1207; accord Mimms v. U.N.I.C.O.R., 2010 U.S. App. LEXIS 14321, at *4 (3d Cir. July 13, 2010)  ("The District Court properly dismissed the claims against [those defendants with regard to whom the plaintiff] simply failed to state any allegation," citing Iqbal, 129 S. Ct. at 1949).   Therefore, in

the event Plaintiff elects to submit an amended pleading, he shall name the defendants who were personally responsible for exposing him to "extreme deprivations" and who knew of the substantial risk of harm to Plaintiff but acted with "deliberate indifference" to this risk.

## VI. CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff in forma pauperis status and direct filing of Plaintiff's Complaint. The Court will dismiss Plaintiff's allegations, as stated, for failure to state a claim upon which relief can be granted. Such dismissal, however, will be without prejudice to Plaintiff's filing of an amended pleading curing the deficiencies of his instant claims.

An appropriate Order accompanies this Opinion.


                                         *s/Peter G. Sheridan*
                                         PETER G. SHERIDAN, U.S.D.J.

November 28, 2011